Compiler

**IN THE SUPERIOR COURT**
**OF GUAM**

FILED
SUPERIOR COURT

CLERK OF COURT
BY

JUNG YE KANG,                           )     Domestic Case no. DM 0675-09
                                        )
                    Plaintiff,          )
                                        )
          v.                            )
                                        )     **DECISION AND ORDER**
                                        )     re: Motion to Disqualify Opposing Counsel
BYONG HI KANG,                          )
                                        )
                                        )
                    Defendant.          )

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on February 16, 2012. The Plaintiff was represented by Attorney Leslie A. Travis. The Defendant was represented by Attorney Peter C. Perez. After considering the matter presented, the Court now issues the following decision and order granting Plaintiff's motion to disqualify opposing counsel.

## DISCUSSION

In 2005, the Plaintiff claims she met with attorneys at the law firm of Lujan, Aguigi, and Perez, LLP ("Lujan Firm") to discuss filing for divorce. Plaintiff claims that she paid a retainer deposit of five thousand dollars ($5,000.00) to the Lujan Firm for their services. Thereafter, Plaintiff and Defendant reconciled and remained married until 2009, when Plaintiff filed the instant action for divorce. On June 29, 2011, the Lujan Firm entered an appearance on behalf of the Defendant. On December 23, 2011, the Plaintiff filed the present motion to disqualify the Lujan Firm from representing the Defendant in this matter.

## DISCUSSION

Plaintiff bases her present motion to disqualify on her assertion that she had previously

hired the Lujan Firm to represent her in a substantially similar matter involving the Defendant. Plaintiff argues that Rules 1.9 and 1.10 of the Guam Rules of Professional Conduct ("GRCP") bar the Lujan Firm from representing the Defendant in the present action. Those rules provide in relevant part:

> **Rule 1.9: Duties to Former Clients**
> (a)   A lawyer who, [sic] has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
>
> . . .
>
> **Rule 1.10: Imputation of Conflicts of Interest: General Rule.**
> (a)   While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

Rule 1.9 sets forth three elements to establish an impermissible conflict of interest due to a former representation: (1) a former representation of a client; (2) the present representation involves a matter that is the same or substantially related to the subject of the prior representation; and (3) the present representation is materially adverse to the interests of the former client.

The Court finds that the Plaintiff is a former client of the Lujan Firm. In order to establish an attorney-client relationship "the parties need not have executed a formal contract. Nor is the existence of a relationship dependent upon the payment of fees." *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1384 (10th Cir. 1994) (citations omitted). An attorney-client relationship however did arise from the interactions between the Plaintiff and the Lujan Firm. In 2004, the Plaintiff paid the Lujan firm a retainer fee of $5,000.00 for their services. She also met with attorneys at the firm and had discussions with them regarding a divorce action against the Defendant. Based on those facts, the Court finds that the Plaintiff and the Lujan firm had an

attorney-client relationship.

The Court further finds that the Lujan firm's representation of the Defendant in the present case is substantially related to the subject of their prior representation of the Plaintiff. In the present case, the Plaintiff seeks a divorce from the Defendant, which is exactly the same issue she sought legal advice about from the Lujan firm in 2004. Thus, the instant matter is the same subject of the prior representation. Further, the Lujan firm's representation of the Defendant in this case is materially adverse to the interests of their former client, the Plaintiff.

Pursuant to Rule 1.9, because this suit is materially adverse to the interests of the Plaintiff, the Lujan firm should have obtained written consent from the Plaintiff to serve as legal counsel for Defendant in this case. Moreover, because such consent was not obtained before the Lujan firm represented the Defendant in this case, the Court finds that the Lujan firm shall be disqualified from representing the Defendant in this case.

## CONCLUSION

Based on the foregoing, the Court GRANTS Plaintiff's motion to disqualify the Lujan firm from representing the Defendant in the instant case.

SO ORDERED, this ___ day of _____ 2012.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

Apr 09 2012

James R. Borja
Deputy Clerk, Superior Court of Guam